

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| DIRK N. PAULIN | CIVIL ACTION NO: |
|---|---|
| *Plaintiff,* | SECTION: |
| V. KRISTI NOEM, SECRETARY OF STATE OF THE DEPARTMENT OF HOMELAND SECURITY | JUDGE |
| | MAGISTRATE |
| *Defendant.* | |

## COMPLAINT

Plaintiff, Dirk N. Paulin asserts his causes of action against defendant KRISTI NOEM, acting Secretary of State of Homeland Security solely in his official capacity as Acting Secretary of the United States Department of Homeland Security, regarding the unlawful employment actions of its agency, the Federal Emergency Management Agency, as follows:

### THE PARTIES

1. Plaintiff is Dirk N. Paulin, a person of majority, domiciled in Louisiana and currently residing in New Orleans, Louisiana.

2. Defendant is Kristi Noem solely in his official capacity, the Acting Secretary of the Department of Homeland Security (DHS), including its agency, the Federal Emergency Management Agency (*see* 6 U.S.C. § 112(a) establishing the Secretary of DHS as the head of the department *and also* 6 U.S.C. § 313(a) establishing FEMA).

### JURISDICTION AND VENUE

3. The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question); 42 U.S.C. § 2000e-3 *et seq.* (Title VII retaliation); and 42 U.S.C. § 2000e-16 (applicability of Title VII to federal employment) as more particularly set out herein.

4.      The Court has personal jurisdiction over Ms. Noemi, in his official capacity and as the proper defendant representing the United States Department of Homeland Security (and its agency, FEMA), because all of the unlawful employment practices alleged herein occurred in the state of Louisiana and give rise to the specific Title VII causes of action in this case, and thus Mr. Wolf, in his official capacity and as the proper defendant for DHS and FEMA, has established minimum specific contacts with Louisiana, arising from the specific facts of this case, comporting with the requirements of fair play, substantial justice, and the Fourteenth Amendment of the Constitution of the United States.

5.      Venue for Mr. Paulin's Title VII claim is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because the alleged retaliatory employment practices occurred within this forum (specifically New Orleans).

**PROCEDURAL HISTORY AND FACTS**

6.      At all relevant times, FEMA employed more than 500 employees.

7.      FEMA is a statutory agency of the United States Department of Homeland Security.

8.      In 2006, FEMA hired Mr. Paulin as a full-time employee.

9.      Mr. Paulin has been continuously employed by FEMA since that time, and always relevant to this case and Paulin as an EMS, IC-0089-12, Response and Recover, Recovery Directorate, Public Assistance Division.

10.     On or about August 2, 2023, FEMA notified Paulin of the conclusion of EEO Counseling and of Paulin's right to file a formal complaint HS-FEMA-00566-2023. Subsequently, on or about June 28, 2024, FEMA notified Paulin of the conclusion of his second case; HS-FEMA-00412-2024.

11.     On or about August 4, 2023, Paulin filed a formal complaint with EEO, HS-FEMA-00566-202. Subsequently, on July 3, 2024, Paulin submitted his election letter for a hearing for

case; HS-FEMA-00412-2024.

12. On or about August 4, 2023, and July 3, 2024, FEMA forwarded Paulin a copy of the Election Letter, providing Paulin with the right to request a hearing in front of Administrative Law Judge, which Paulin timely filed.

13. On or about September 25, 2025, the Administrative Law Judge issued decisions for both cases; HS-FEMA-00566-2023 and HS-FEMA-00412-2024.

14. Paulin followed all the administrative procedures including but not limited to filing an EEO complaint within 45 days for the allgeations outlined in both complaints.

15. Paulin filed this Complaint in the Eastern District of Louisiana within 90 days.

## CAUSES OF ACTION

### Unlawful Race, Sex, Disability, Retaliation and Hostile Work Environment Under Title VII

16. Mr. Paulin is an African American Male who date of birth is January 13, 1972.

17. Mr. Paulin was diagnosed with two disabilities under the American with Disabilities Act. Post Traumatic Stress Disorder, and left shoulder limited use.

18. Mr. Paulin was diagnosed with limited use pertaining to his left shoulder on October 4, 2022.

19. Mr. Paulin was diagnosed with Post Traumatic Stress Disorder on October 28, 2021.

20. On November 10, 2022, Mr. Paulin asked Helen McElveen for reasonable accommodation via ticket # RAR0043398 for his for a schedule change to recover and rehabilitate following his October 4, 2022, left shoulder surgery. It was denied on or about November 18, 2022.

21. Plaintiff engaged in protected activity on the following occasions; HS-10-FEMA-00008, HS-FEMA-21886-2012, HS-FEMA-00781-2013, HS-FEMA-00308-2018 and HS-FEMA-00566-2023.

22. Mr. Paulin states a cause of action against the defendant for unlawful retaliation and harassment concerning the case; HS-FEMA-00566-2023 and HS-FEMA-00412-2024

23. The Defendant gave the following individuals control over the Plaintiff's employment with

the ability to hire, fire, and promote:

(a)     Helen McElveen: Created a hostile work environment, unlawful reprimands and suspensions, discrimination pertaining to Mr. Paulin's limited disability and mental health.

(b)     Marley Esteves: Condoning; a hostile work environment and concerning Mr. Paulin's disability concerning his mental health.

(c)     Rosie Montoya: Condoning; a hostile work environment, unlawful suspension and concerning Mr. Paulin limited disability concerning his surgery and mental health.

(d)     Donna Brooks: Condoning; a hostile work environment, unlawful suspension and concerning Mr. Paulin limited disability concerning his surgery and mental health.

(e)     John Wilmot:  Condoning; a hostile work environment and discrimination concerning Mr. Paulin limited disability concerning his surgery and mental health.

(f)     Cliff Brown: Condoning; a hostile work environment, unlawful suspension and concerning Mr. Paulin limited disability concerning his surgery and mental health.

(g)     Jenna Peters: Condoning; a hostile work environment.

(h)     Sara Birchenough: Condoning; a hostile work environment.

(i)     Mark Daniels; Condoning a hostile work environment.

(j)     Jason Arnold: Condoning a hostile work environment.

(k)     Jamiel White:  Denied Flexible schedule request and or colluding with Ms. McElveen.

(l)     Yanira Awang: Refused to investigate timesheet and flexible schedule request (Reasonable Accommodation).

(m)     Ana Montero: Condoning a hostile work environment.

(n)     Frank Matranga: Condoning a hostile work environment.

(o)    Claim 1. On February 7, 2023, management issued Complainant a Letter or Suspension while Complainant was on vacation; The suspension did not occur while on vacation. Helen McElveen, Donna Brooks, Cliff Brown, and Rosie Montoya.

(p)    Claim 2. On November 30, 2022, management issued Complainant a Letter of Reprimand; This reprimand was issued while on approved leave, Helen McElveen, Donna Brooks, Cliff Brown, and Rosie Montoya.

(q)    Claim 3. On November 21, 2022, management failed to address Complainant's claims of unethical behavior directed toward him; Helen McElveen, Donna Brooks, Jenna Peters, Sara Birchenough, Mark Daniels, Jason Arnold

(r)    Claim 4. On November 18, 2022, management denied Complainant's request for a flexible work schedule; Helen McElveen and Donna Brooks

(s)    Claim 5. On November 16, 2022, management failed to address Complainant's claims of FEMA officials misuse of authority; Helen McElveen, Donna Brooks, Jenna Peters.

(t)    Claim 6. On November 15, 2022, management did not respond to Complainant's request for flexible work schedule; Helen McElveen, Donna Brooks, Jenna Peters, and Jamiel White.

(u)    Claim 7. On November 9, 2022, management emailed the work group the FEMA directive 122-0-2-1, accusing Complainant of falsifying his doctor's note and not following other FEMA policies; Helen McElveen, Donna Brooks, and Cliff Brown.

(v)    Claim 8. On November 8, 2022, management denied Complainant's request to use sick leave; Helen McElveen and Donna Brooks.

(w)    Claim 9. On November 7, 2022, management did not address Complainant's claims of harassment and negative behavior of his supervisors; Donna Brooks, Cliff Brown,

and Yanira Awang.

(x)     Claim 10. On November 4, 2022, management requested from Complainant if he had attended physical therapy on November 1, 2022; Helen McElveen, Donna Brooks, Cliff Brown

(y)     Claim 11. On November 1, 2022, management did not respond to Complainant's request for a flexible work schedule; Helen McElveen and Donna Brooks.

(z)     Claim 12. On October 20, 2022, management accused Complainant of not submitting a quality physician's letter, not being deployment ready and failed to address FEMA officials misuse of authority toward him; Helen McElveen, Donna Brooks and John Wilmot, Ana Montero, .

(aa)    Claim 13. On October 7, 2022, management yelled violently at Complainant about using the incorrect pay codes and did not address the misuse of authority directed at him; Helen McElveen, Donna Brooks Ana Montero

(bb)    Claim 14. On February 3, 2022, management did not address Complainant's claims of harassment from his first and second-line supervisors; Donna Brooks and Marleny Estevez.

(cc)    Claim 15. On January 4, 2022, management did not engage in discussion with Complainant pertaining to his timesheet and WebTA entries; Helen McElveen and Marleny Estevez.

(dd)    Claim 16. During September 2021, management placed false comments into his third quarter evaluation; Helen McElveen and Marleny Estevez.

(ee)    Claim 17. On April 11, 2023, management issued an email titled "steady state" detailing mindfulness of deployment status; Helen McElveen, Donna Brooks, Cliff Brown, and John Wilmot.

(ff)  Claim 18. On April 12, 2023, management denied Complainant the opportunity to reclassify his deployment status to non-availability deployment to continue his rehabilitation; Helen McElveen, Donna Brooks, Cliff Brown, and John Wilmot.

(gg)  Claim 19. On April 13, 2023, management denied Complainant's request for virtual deployment or medical telework, forcing complainant to physically deploy; Helen McElveen, Donna Brooks, Cliff Brown, and John Wilmot.

(hh)  Claim 20. On April 14, 2023, management threatened Complainant with the issuance of reassignment; Helen McElveen, Donna Brooks, Cliff Brown, and John Wilmot.

(ii)  Claim 21. On April 17, 2023, management threatened to rescind Complainant's deployment; Helen McElveen, Donna Brooks, Cliff Brown, and John Wilmot.

(jj)  On April 19, 2023, management forced Complainant to deploy to his assigned disaster location. This claim is not recorded accurately. Mr. Paulin requests non-deployment due to his continued rehabilitation from surgery. Helen McElveen, Donna Brooks, Cliff Brown, and John Wilmot.

24.  Mr. Paulin states a cause of action against the defendant for unlawful retaliation and harrassment concerning the case; HS-FEMA-00412-2024. Granted, the Administrative Law Judge did not render an analysis on the dismissal. However, the claims set forth are derived from the Record of Investigation (ROI).

(a)  Helen McElveen-Knowingly and continually discriminated against and harassed Mr. Paulin for reasons addressed above and due to previous EEO activity, via; refused to waive Mr. Paulin's Position Task Book (PTB) for the Public Assistance Group Supervisor (PAGS) position, false comments on 2023 annual evaluation in violation of Anti-Harassment policy and Standards of Conduct (false statement), undermined and or lowered annual evaluation and score to a 3.9, condoned Second Line

Supervisor Timothy Rogers addressing Mr. Paulin in a hostile manner in a February 2, 2024 conference video, placed as Mr. Paulin's timekeeper on deployment (R9PD273 PD) in violation of Cadre-on-call policies and procedures, unlawful suspension, submitted Mr. Paulin a deployment request while on suspension, denial of sick leave, On March 20, 2024, management issued Complainant a deployment request.

(b)    Timothy Rogers- Knowingly and continually discriminated against and harassed Mr. Paulin due to previous EEO activity, via; condoning false comments and score of 3.9 on Mr. Paulin's 2023 annual evaluation in violation of Cadre-on-call policies and procedures, Standards of Conduct (false statement) and Anti-Harassment policies. Mr. Paulin addressed in a hostile manner in a February 2, 2024, video conference call. Condoned the unlawful suspension of Mr. Paulin. Refused to act in preventing a hostile work environment.

(c)    Donna Brooks- Refused to waive the remaining portions of Mr. Paulin's PTB PAGS book in accordance with the policy FEMA Qualification System Guide 2022. Condoned the disability actions taken against Mr. Paulin, condoned the false statements placed on Mr. Paulin's 2023 annual evaluation and undermined score of 3.9.

(d)    John Wilmot- Refused to waive the remaining portions of Mr. Paulin's PTB PAGS book in accordance with the policy FEMA Qualification System Guide 2022 and condoning the 15-day unlawful suspension.

(e)    Hannah Vick- Refused to waive the remaining portions of Mr. Paulin's PTB PAGS book in accordance with the FEMA Qualification System Guide 2022.

(f)    Crystal Perrone- Refused to waive the remaining portions of Mr. Paulin's PTB

PAGS book

(g)    Charla Marchuk- Refused to waive the remaining portions of Mr. Paulin's PTB PAGS book

(h)    Chevelle Campbell- Refused to waive the remaining portions of Mr. Paulin's PTB PAGS book

(i)    Philip Hamilton- Questioned Complainant's intellectual ability to implement the Public Assistance program as an African American.

(j)    Raymond Mason-Condoning the behavior of Philip Hamilton questioned Complainant's intellectual ability to implement the Public Assistance program

(k)    Angelo Westfield-Condoned the 15-day unlawful suspension.

(l)    Edward Wright-Refused to waive the remaining portions of Mr. Paulin's PTB PAGS book.

(m)    Peter Wilborn-Served as timekeeper in harassing Mr. Paulin by making Ms. McElveen his timekeeper in violation of FEMA's Anti-Harassment policy and Cader-On-Call policy.

(n)    Jenna Peters-Condoned the hostile work environment against Mr. Paulin as he was a victim of his second line supervisor, Mr. Timothy Roger's verbal aggression against him and harassment against him by first live supervisor Ms. McElveen. Refused to follow FEMA's Anti-Harassment policy.

(o)    Andrea Reveles- Colluding with Helen McElveen, served as timekeeper in harassing Mr. Paulin by making Ms. McElveen his timekeeper in violation of FEMA's Anti-Harassment policy and Cader-On-Call policy.

(a)    Claim 1. From November 2023, until present, management denied Complainant's request to award him a Public Assistance Group Supervisor Position Task

Book. Helen McElveen, Donna Brooks, Edward Wright, John Wilmot, Hannah Vick, Charla Marchuk, Chevelle Campbell and Crystal Perrone.

(b)     Claim 2: In December 2023, management questioned Complainant's intellectual ability to implement the Public Assistance program. Phillip Hamilton and Raymond Mason.

(c)     Claim 3: In or around January 2024, management issued Complainant a low annual performance rating of 3.9 and made false statements about him within the evaluation. Helen McElveen, Timothy Rogers, Donna Brooks, John Wilmot, Hannah Vick, Jenna Peters,

(d)     Claim 4: On February 2, 2024, management addressed Complainant in an aggressive and hostile manner. Helen McElveen, Timothy Rogers, and Jenna Peters.

(e)     Claim 5: In February 2024, management designated Complainant's alleged harasser as his timekeeper. Helen McElveen, Andrea Reveles and Peter Wilborn.

(f)     Claim 6: On February 20, 2024, management issued Complainant a notice of 15-Day suspension. Helen McElveen, Timothy Rogers, Donna Brooks, John Wilmot, and Angelo Westfield.

(g)     Claim 7: On February 27, 2024, management denied Complainant's sick leave request. Helen McElveen

(h)     Claim 8: On March 20, 2024, management issued Complainant a deployment request. Helen McElveen

The following similarly situated individuals were not treated like Mr. Paulin was by Defendant Tiffany Martin. Why is this necessary?!

2.     Based upon the facts in this Complaint, pursuant to Title VII of the Civil Rights Act of 1964 (as amended), an employer may not discriminate against an employee "because he has

opposed any practice made an unlawful employment practice under [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]. 42 U.S.C. §2000e-3(a). In a retaliation case, "an adverse employment action is one that a reasonable employee would have found . . . [to be] materially adverse, which in this context means it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (citing *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. 53 (2006)). Just as in a Title VII discrimination case, an employer remains vicariously liable for the acts of its decision-maker when the decision-maker serves as the employer's agent, or when the employer knew or should have known of the decision-maker's discriminatory conduct and took no remedial action. *See e.g.*, *Flanagan v. Aaron E. Henry Cmty. Health Servs. Ctr.*, 876 F.2d 1231, 1235 (5th Cir. 1989).

3. Based upon the facts in this Complaint, Plaintiff avers that Defendant discriminated against Plaintiff because of his race, sex, disability, and reprisal, in violation of the Civil Rights Act of 1964, Section 1981, and Louisiana R.S. 23:01 et. al.[1]

4. Based upon the facts in this Complaint, Plaintiff avers that Defendant retaliated against him in violation of the Civil Rights Act of 1964, 42 U.S.C. section 2000e, due to his protected activities.

5. Based upon the facts in this Complaint, Plaintiff avers that Defendant created a racially, reprised, disability and sexually hostile environment in violation of the Civil Rights Act of 1964, 42 U.S.C. 2000e. (add sex since McElveen is a Black female… )

6. Based upon the facts in this Complaint, Plaintiff was reprised under the American with Disability Act, 42 U.S.C.12101 ("ADA") and FEMA failed to accommodate him in violation of the ADA.

7. Based upon the facts in this Complaint, Plaintiff avers that the Defendant discriminated against him

---

[1] Plaintiff incorporated by reference allegation is the Fact Section to all the paragraph hereafters.

in violation of the Age Discrimination and Employment Act, 29 U.S.C. sections 621-634, ("ADEA").

8.    Based upon the facts in this Complaint, Plaintiff avers that Defendant retaliated against him in violation of the ADEA due to his protected activities.

9.    Based upon the facts in this Complaint, Plaintiff avers that Defendant is vicariously liable for the actions of its supervisors because it empowered the supervisors to take tangible employment actions, and all the actions taken against the plaintiff occurred during the course and scope of employment. .A federal employer who violates Title VII is liable for the victim's back wages, front wages, reinstatement, statutory damages, attorney's fees, and litigation costs.

10.    In this case, as alleged, Mr. Paulin was a documented performer with nineteen years of experience at LIRO as a Public Assistance Coordinator Lead within its PA Delivery division and two engineering degrees.

11.    The net effect of unlawful retaliation and harassment is that Paulin lost wages, experience, and promotion opportunities.

12.    Furthermore, FEMA showed a pattern of discriminatory intimidation, ridicule, and insult through the years of denial of promotions and constant retaliation and FEMA created a hostile work environment of harassment in violation of Title VII of the Civil Right Act of 1964.

13.    Accordingly, the Department of Homeland Security and its agency, the Federal Emergency Management Agency, are liable for all actual and statutory damages suffered by Mr. Paulin

resulting from FEMA's illegal and retaliatory employment actions, including, but limited to, back pay, front pay, compensatory damages, mental anguish, loss of enjoyment of life, out of pocket expenses, and Mr. Paulin's reasonable attorney's fees incurred in this action.

## JURY DEMAND

Mr. Paulin requests a trial by jury on all claims and causes of action asserted in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dirk N. Paulin prays that his complaint is deemed good and sufficient; that it and summons be served upon defendant Kristi Noem, solely in his official capacity as Acting Secretary of the United States Department of Homeland Security; and, after due proceedings are had, that judgment be entered in favor of the plaintiff and against defendant for (1) all damages and equitable relief due to the plaintiff, including compensatory damages, statutory damages, costs, attorney's fees, and legal interest from the date of demand; and (2) an injunction prohibiting the defendant from engaging in all current and future retaliation against Mr. Paulin and all other similarly situated employees, and for all other general and equitable relief plaintiff is entitled.

Respectfully submitted,

/s/ Anundra Martin
Anundra Martin
Louisiana Bar No. 30478
4323 Division St. Ste. 102
Metairie, Louisiana 70002
504-667-9864
anundramartin@yahoo.com
*Counsel for Dirk Paulin*

## Certificate of Service

I hereby certify that on the 9th Day of December 2025 that the above foregoing pleading was sent to opposing counsel via electronic mail.

/s/ Anundra Martin
Anundra Martin